UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:17CV1249 RLW |
| | ) |
| STANCIL, WARDEN USP POLLOCK, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Antonio Turner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1). Because this Court has determined that Turner's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Turner's claims are based, this Court decides this matter without an evidentiary hearing.[1]

**BACKGROUND**

In Scott County Circuit Court, Turner was charged by a three-count information with the following crimes in March 2011: Count 1—the class B felony of trafficking drug in the second degree; Count 2—the class B felony of possession of a controlled substance with intent to

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a §2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

distribute; and Count 3—the class D felony of resisting arrest. *See* Mo. Rev. Stat. §§195.223, 195.211, 575.150. Pursuant to a plea agreement, Turner pleaded guilty to Count 2 for possession of a controlled substance with intent to distribute, in exchange for the State agreeing (1) to dismiss Counts 1 and 3, (2) not to charge Turner as a prior or persistent offender, and (3) to recommend a sentence of eight years instead of the maximum of 15 years. The trial court accepted Turner's plea and the State dismissed Counts 1 and 3. Turner received an eight-year sentence. Turner completed this sentence on July 4, 2016. *See* ECF No. 13-6. Turner currently resides at the United States Penitentiary in Pollack, Louisiana.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[I]n a §2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). "'A state court's decision is contrary to clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are

materially indistinguishable from a [Supreme Court] decision and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. "A State court unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

## DISCUSSION

### I. Federal Custody

As stated, Turner completed his state sentenced on July 4, 2016. (ECF No. 13-6). Thus, Turner does not fulfill the in-custody requirement of 28 U.S.C. §2254(a). The Court dismisses Turner's §2254 habeas petition because he is not in state custody. *See Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) ("District Court was without jurisdiction to address the merits of [petitioner's] section 2254 petition because [petitioner]—who had served his state sentence and was discharged from supervised release in 1985—was no longer "in custody" for his state conviction.").

## II. Merits

Even if Turner fulfilled the in-custody requirement, his habeas petition fails on the merits. In his first ground for habeas relief, Turner claims he received ineffective assistance of trial counsel because trial counsel did not inform him that he could file a motion challenging his original arrest and the taking of his statement. (ECF No. 1 at 5). Turner presented this argument in his Rule 24.035 motion. The motion court considered his claim of ineffective assistance of counsel in light of the Supreme Court's standards outlined in *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). The motion court found that Turner's guilty plea was knowing and voluntary.

> On Movant's claim in Paragraph 8 of Movant's Amended Motion he alleged counsel was ineffective by "failing to advise Movant he had the right to challenge the legitimacy of his arrest, detention, and the taking of his custodial statements by seeking to exclude the physical evidence and statements as illegally obtained." In other words, Movant claims that counsel was ineffective for failing to file a Motion to Suppress. "A claim that counsel was ineffective for failing to file and pursue a motion to suppress is waived by the voluntary entry of a guilty plea." *Ramsey v. State*, 182 S.W. 3d 655, 657 (Mo. App. E.D. 2005). As stated above in *Mayberry* the only issue as to the effectiveness of counsel after a guilty plea is the extent it affects the voluntariness and knowledge in which the plea was made. *Id.*
>
> Movant has failed to present any credible evidence that his plea was entered involuntarily or without knowledge. "If the movant has been misled or induced to plead guilty by fraud, mistake, misapprehension, coercion, duress or fear, he should be permitted to withdraw the plea." Johnson v. State, 774 S.W. 2d 862 (Mo. App. E.D. 1989). This Court asked the Movant at his plea hearing if he had been threatened or coerced in any way to get him to enter a guilty plea and Movant responded no. (hearing transcript p. 6). The Court also asked Movant if he suffered from any mental disease or illness or if he had consumed any alcohol or drugs that would cloud his mind and Movant answered no. (hearing transcript p. 7). The Court then made the finding that Movant had been advised of his rights and understands those rights, that he voluntarily and intelligently waived those rights. (hearing transcript p. 8).
>
> Based on the above, this Court finds that Movant's claim in paragraph 8 of his amended motion is without merit.

> Further, this Court has reviewed the record in the cases involved, the transcript of the Movant's guilty plea, sentencing, and the testimony at the post-conviction hearing. Based on all these sources of information this court finds that Movant's plea was knowing and voluntarily made as to the charges he pled and the sentence he received. The Court further finds that, in light of all the facts surrounding the plea deal, that there is no legal reason for the Movant to have his sentence vacated and for him to be resentenced. The Court further finds that any issue as to the ineffectiveness of counsel for failing to file a Motion to Suppress was waived by his guilty plea and that while here was no credible evidence of ineffectiveness of counsel any such allegation does not render Movant's guilty plea involuntary or unknowingly.

(Respondent's Exhibit A, ECF No. 13-1, pp. 96-97). The Court holds that the state court's determination is a reasonable one that is entitled to deference under 28 U.S.C. §2254(d). The Rule 25.035 motion court has identified support in the record for the determination that his counsel was not ineffective and that Turner's plea was voluntary. Turner has not demonstrated that such support is not well-founded.

Turner also presented this claim on post-conviction appeal. The appellate court applied the *Strickland* test for ineffective assistance of counsel. (Respondent's Exhibit E, ECF No. 13-5, pp. 5-6). The post-conviction appellate court found that Turner did not show his plea was involuntary.

> Based upon the testimony given by Turner in his post-conviction deposition, he argues that: (1) Dolan was ineffective for failing to advise Turner of his "right to challenge his arrest and statements with a motion to suppress"; (2) had he been aware of this right, he would not have pled guilty and would have insisted on going to trial on all counts; and (3) his plea was not knowing and voluntary. We disagree. In this case, Turner failed to prove that Dolan coerced him into pleading guilty or misled him in any way that would render his plea involuntary. At the plea hearing, Turner reassured the plea court that he was pleading guilty of his own free will and not as the result of any coercion, and that Dolan had done all that he had asked her to do. The motion court also found credible Dolan's testimony that Turner wanted to plead guilty because: (1) the plea offer was only open for a limited time; (2) it provided a sentencing cap of eight years; (3) Turner wanted to plead guilty to wrap up the matter quickly; and (4) taking the plea got Turner the furlough he wanted. The motion court believed this testimony and found Turner's later post-conviction testimony to the contrary not credible. *See* [*Dodd v. State*, 347 S.W.3d 659, 665 (Mo. Ct. App. 2011)]. It is well settled that "[a] claim that counsel was ineffective for failing to file and pursue a motion to suppress is waived by the voluntary entry

of a guilty plea." *Ramsey v. State*, 183 S.W. 3d 655, 657 (Mo. App. 2005); *see Braxton v. State*, 271, S.W. 3d 600, 602 (Mo. App. 2007) (rejecting a post-conviction claim asserting that counsel was ineffective for failing to file, or advise the defendant about the possibility of pursuing, a motion to suppress evidence); *see also Redeemer v. State*, 979 S.W. 2d 565, 569 (Mo. App. 1998) (by entering a guilty plea, a defendant "generally waive[s] any further complaints that he might have had regarding his counsel's failure to investigate and prepare for trial"). Further, Dolan considered filing a motion to suppress, but she decided against it. In Turner's deposition, he admitted that his federal motion to suppress, arising from the same stop and arrest at issue in his state criminal case, was denied. It is also well settled that "the decision whether to file a motion to suppress is a matter of trial strategy" which is virtually unchallengeable, and "counsel will not be deemed ineffective for failing to file a meritless motion to suppress." *Smith v. State*, 972 S.W. 2d 551, 556 (Mo. App. 1998); *see, e.g,, Baumruk v. State*, 364 S.W. 3d 518, 534-35 (Mo. Banc 2012). For all of these reasons, Turner's point is denied.

(Respondent's Exhibit E, ECF No. 13-5, pp.6-8) (footnote omitted). The Court holds that the post-conviction appellate court's determination was reasonable and deserving of deference under section 2254(d). The record contains factual support for the appellate court's finding that Turner's plea was knowing and voluntary and that counsel's performance was sufficient as a matter of law. *See* Respondent's Exhibit D, ECF No. 13-4, pp. 11-25). The Court holds that Turner's claim for ineffective assistance of counsel is meritless and is denied.

Turner's second ground for relief contends that his arrest was unlawful and the police failed to give him his warning under *Miranda v. Arizona*, 384, U.S. 436 (1966). In his guilty plea, Turner waived all claims or error from the arrest and taking of his statement. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) ("By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial"). Thus, the Court holds that Turner waived review of his second ground for relief and it is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Antonio Turner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FINALLY ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 21st day of September, 2020.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE